UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LEANG JONES, | 1:11-CV-00858 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| R. LOPEZ, Warden, et al., | |
| Respondents. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On March 14, 2011, Petitioner filed the instant petition for writ of habeas corpus. Petitioner claims the California Board of Parole Hearings' May 30, 2008 denial of parole violates his constitutional rights because it is following current statutes rather than statutes that were in force at the time of his conviction.

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
2  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th
3  Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it
4  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,
5  440 F.2d 13, 14 (9th Cir. 1971).

6  B.  Failure to State a Claim

7       In Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), the Supreme
8  Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due
9  process is limited to determining whether the prisoner "was allowed an opportunity to be heard and
10 was provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v.
11 Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). According to the Supreme
12 Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the
13 prisoner] received due process." Swarthout, 131 S.Ct. at 862.  Petitioner does not claim he was
14 denied an opportunity to be heard or provided a statement of reasons for his parole denial.
15 Accordingly, the petition does not present cognizable claims for relief and must be dismissed.

16      Petitioner also contends the parole board's determination violates the constitutional
17 prohibition against ex post facto laws.  The Ex Post Facto Clause of the United States Constitution
18 prohibits the states from passing any "ex post facto law," a prohibition that "is aimed at laws 'that
19 retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Cal. Dept.
20 of Corrections v. Morales, 514 U.S. 499, 504 (1995); see also Weaver v. Graham, 450 U.S. 24, 28
21 (1981) (providing that "[t]he ex post facto prohibition forbids the Congress and the States to enact
22 any law 'which imposes a punishment for an act which was not punishable at the time it was
23 committed; or imposes additional punishment to that then prescribed.'"). The United States Supreme
24 Court has held that "[r]etroactive changes in laws governing parole of prisoners, in some instances,
25 may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000).

26      On November 4, 2008, California voters passed Proposition 9, the "Victims' Bill of Rights
27 Act of 2008: Marsy's Law," which, *inter alia*, altered the frequency of parole hearings for prisoners
28 not found suitable for parole.  Prior to the passage of Proposition 9, in the event a prisoner was

determined unsuitable for parole, a subsequent parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008). If the parole board determined it was not reasonable to expect parole would be granted within the next year, it could defer rehearing for two years. Id. If the prisoner was convicted of murder and it was not reasonable to expect he/she would be granted parole within the year, the board could select a rehearing term of up to five years. Id. Proposition 9 changed the frequency of subsequent parole hearings as follows:

> The board shall schedule the next hearing, after considering the views and interests of the victim, as follows:
>
> (A) Fifteen years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that the criteria relevant to the setting of parole release dates enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.
>
> (B) Ten years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that . . . consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than seven additional years.
>
> (C) Three years, five years, or seven years after any hearing at which parole is denied, because . . . consideration of the public and victim's safety requires a more lengthy period of incarceration for the prisoner, but does not require a more lengthy period of incarceration for the prisoner than seven additional years.

Cal. Penal Code § 3041.5(b)(3) (November 4, 2008).

The Court takes judicial notice of the docket and orders in the class action Gilman v. Fisher, 2:05-cv-00830 LKK GGH, which is pending in the Sacramento Division of this Court, including the order granting motion for class certification filed on March 4, 2009 (Doc. 182, 9:7–15), which indicates that the Gilman class is made up of California state prisoners who: 1) have been sentenced to a term that includes life; 2) are serving sentences that include the possibility of parole; 3) are eligible for parole; and 4) have been denied parole on one or more occasions. The docket further reflects that the Ninth Circuit affirmed the order certifying the class. (Docs. 257, 258.) The Court also takes judicial notice of the order of March 4, 2009, in which the court described the case as including challenges to Proposition 9's amendments to Cal. Pen.Code § 3041.5 based on the Ex Post Facto Clause, and a request for injunctive and declaratory relief against implementation of the changes. (Doc. 182, 5–6.)

1  The relief sought by Petitioner concerns in part the future scheduling of Petitioner's next suitability hearing and necessarily implies the invalidation of state procedures used to deny parole suitability, matters removed from the fact or duration of confinement. Such types of claims have been held to be cognizable under 42 U.S.C. § 1983 as claims concerning conditions of confinement. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Thus, they may fall outside the core of habeas corpus relief. See Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750 (2004).

Further, the relief Petitioner requests overlaps with the relief requested in the Gilman class action. A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain an individual suit for equitable relief concerning the same subject matter. Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir.1979). It is contrary to the efficient and orderly administration of justice for a court to proceed with an action that would possibly conflict with or interfere with the determination of relief in another pending action, which is proceeding and in which the class has been certified.

Here, Petitioner's allegations reflect that he qualifies as a member of the class in Gilman. The court in Gilman has jurisdiction over the same subject matter and may grant the same relief. A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). In the exercise of its inherent discretion, this Court concludes that dismissal of Petitioner's ex post facto claim in this action is appropriate and necessary to avoid interference with the orderly administration of justice. C.f. Crawford v. Bell, 599 F.2d 890, 892-93; see Bryant v. Haviland, 2011 WL 23064, *2–*5 (E.D.Cal. Jan.4, 2011).

Therefore, the instant petition does not present cognizable claims for relief, and no cognizable claim could be raised if leave to amend were granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The petition must be dismissed.

C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **July 7, 2011**            **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE